FILED

1  JANET M. HEROLD
   Regional Solicitor
2  DANIELLE L. JABERG (Cal Bar. # 256653)          13 OCT -3 PM 1: 26
   Counsel for ERISA
3  ROSE DARLING (Cal. Bar # 243893)          CLERK U S. DISTRICT COURT
   Trial Attorney                              CENTRAL DIST. OF CALIF.
4  Office of the Solicitor                           LOS ANGELES
   UNITED STATES DEPARTMENT OF LABOR BY:—————————
5  90 7th Street, Suite 3-700
   San Francisco, California 94103
6  Tel.:  (415) 625-7744
   Fax:  (415) 625-7772
7  Email:  darling.rose@dol.gov

8  Attorneys for Plaintiff,
   United States Department of Labor
9

10              UNITED STATES DISTRICT COURT FOR
11           FOR THE CENTRAL DISTRICT OF CALIFORNIA
                      WESTERN DIVISION
12

13  THOMAS E. PEREZ, Secretary of       CV 13-7325 DSF (AJWx)
    Labor, UNITED STATES
14  DEPARTMENT OF LABOR,                 )
                                         )
15                    Plaintiff,         )
                                         )
16            v.                         )
                                         )
17  TWELVE SIGNS, INC.; RICHARD W.       )
    HOUSMAN; Twelve Signs, Inc.         )
18  Pension Plan,                        )
                                         )
19                    Defendants.        )
                                         )
20                                       )

RECEIVED
CLERK, U.S. DISTRICT COURT

OCT - 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

21

22              **COMPLAINT**
       Employee Retirement Income Security Act Case
23

24       1.    This action arises under Title I of the Employee Retirement Income

25  Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001-1191c, and is

26  brought by the Secretary under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§

27  1132(a)(2) and (5), to enjoin acts and practices that violate the provisions of Title I

1

1   of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty

2   under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief

3   as may be appropriate to redress and to enforce the provisions of Title I of ERISA.

4                                   Jurisdiction and Venue

5         2.      This Court has jurisdiction over this action pursuant to ERISA §

6   502(e)(1), 29 U.S.C. § 1132(e)(1).

7         3.      Venue of this action lies in the Central District of California pursuant

8   to ERISA

9   § 502(e)(2), 29 U.S.C. § 1132(e)(2), and in the Los Angeles Division of this Court,

10  because the Twelve Signs, Inc. Pension Plan was administered in Santa Monica,

11  California, Los Angeles County, California, within this district.

12                                        Parties

13        4.      The Twelve Signs, Inc. Pension Plan (the "Plan") is an employee

14  benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is

15  subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C.

16  § 1003(a).

17        5.      At all relevant times, Twelve Signs, Inc. (the "Company"), was and is

18  the sponsor and Plan Administrator of the Plan, a fiduciary of the Plan within the

19  meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii),

20  and a party in interest to the Plan within the meaning of ERISA §§ 3(14)(A) and

21  (C), 29 U.S.C. §§ 1002(14)(A) and (C).

22        6.      At relevant times, Defendant Richard W. Housman ("Housman") was

23  an officer and owner of the Company.

24        7.      At relevant times, Defendant Housman was a named Trustee of the

25  Plan; exercised discretionary authority and control respecting the management and

26  disposition of the Plan and its assets; exercised discretionary authority and

27  responsibility in the administration of the Plan, was and is a fiduciary of the Plan

2

1    within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i)

2    and (iii); and was and is a party in interest to the Plan within the meaning of

3    ERISA §§ 3(14)(A), (E) and (H), 29 U.S.C. §§ 1002(14)(A), (E) and (H).

4         8.    The Plan is named as a Defendant pursuant to Rule 19(a) of the

5    Federal Rules of Civil Procedure, solely to ensure that complete relief can be

6    granted.

7                              Background

8         9.    The Plan was established effective May 1, 1978 by the Company to

9    provide benefits to its employees upon retirement.

10        10.   The Plan's governing documents, which were adopted by the

11   Company and signed by Defendant Housman identify Defendant Housman as the

12   Plan's sole Trustee.

13        11.   The Plan's governing documents identify the Company as the Plan

14   Administrator.

15        12.   At relevant times, Defendant Housman had authority over the

16   Company's corporate bank account(s).

17        13.   An investigation completed by the Employee Benefits Security

18   Administration ("EBSA") revealed that during the period May 2, 2006, through

19   October 27, 2009, Defendants Housman and the Company caused the Plan to

20   invest in forty-one (41) loans totaling $496,000 to the Company (collectively the

21   "Plan Loans").  The Plan Loans were memorialized by Promissory Notes, all

22   signed and authorized by Defendant Housman, which provided that the loans

23   would be repaid to the Plan within five (5) years at five percent (5%) interest

24   annum.  EBSA's investigation revealed that the Company failed to make any loan

25   repayments to the Plan.

26

27

1      14.    Defendants Housman's and the Company's failure to repay the Plan

2  Loans to the Plan with interest as required by the Promissory Notes resulted in

3  lost-opportunity costs to the Plan in the amount of $121,839.39 because of these

4  unpaid loans through April 30, 2013.  The lost-opportunity costs continue to

5  accrue.

6  Count I

7      15.    The Secretary restates and realleges paragraphs 1 through 14;

8      16.    The Company and Housman acting in their fiduciary capacities

9  permitted the assets of the Plan to inure to the benefit of the Company, in violation

10  of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

11  Count II

12      17.    The Secretary restates and realleges paragraphs 1 through 14;

13      18.    The Company and Housman acting in their fiduciary capacities failed

14  to act solely in the interest of the participants and beneficiaries of the Plan and for

15  the exclusive purpose of providing benefits to participants and their beneficiaries

16  and defraying reasonable expenses of Plan administration, in violation of ERISA §

17  404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

18  Count III

19      19.    The Secretary restates and realleges paragraphs 1 through 14;

20      20.    The Company and Housman acting in their fiduciary capacities failed

21  to act with care, skill, prudence, and diligence under the circumstances then

22  prevailing that a prudent person acting in a like capacity and familiar with such

23  matters would use in the conduct of an enterprise of a like character and with like

24  aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

25  Count IV

26      21.    The Secretary restates and realleges paragraphs 1 through 14;

27      22.    The Company and Housman acting in their fiduciary capacities

4

1  caused the Plan to engage in transactions which they knew or should have known

2  constituted a direct or indirect lending of money or other extension of credit

3  between the Plan and a party in interest, in violation of ERISA § 406(a)(1)(B), 29

4  U.S.C. § 1106(a)(1)(B);

5                                        Count V

6       23.    The Secretary restates and realleges paragraphs 1 through 14;

7       24.    The Company and Housman acting in their fiduciary capacities

8  caused the Plan to engage in transactions which they knew or should have known

9  constituted a direct or indirect transfer to, or use by or for the benefit of, a party in

10  interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C.

11  § 1106(a)(1)(D);

12                                       Count VI

13      25.    The Secretary restates and realleges paragraphs 1 through 14;

14      26.    The Company and Housman acting in their fiduciary capacities dealt

15  with assets of the Plan in their own interests and acted on behalf of a party whose

16  interests are adverse to the interests of the Plan or the interests of its participants

17  and beneficiaries, in violation of ERISA §§ 406(b)(1) and (2), 29 U.S.C.

18  § 1106(b)(1) and (2);

19                                       Count VII

20      27.    The Secretary restates and realleges paragraphs 1 through 14;

21      28.    The Company and Housman acting in their fiduciary capacities

22  participated knowingly in the breaches of fiduciary duty of other fiduciaries, in

23  violation of ERISA § 405(a)(1), 29 U.S.C. § 1105(a)(1); enabled another fiduciary

24  to commit a breach of ERISA through failure to comply with ERISA § 404(a)(1),

25  in violation of ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2); and made no

26  reasonable effort under the circumstances to remedy the breaches of another

27  fiduciary of which he had knowledge, in violation of ERISA § 405(a)(3), 29

                                           5

1 U.S.C. § 1105(a)(3).

2      29.    As a direct and proximate result of the breaches of fiduciary duties

3 committed by the Company and Housman, as described in paragraphs 1 through 28

4 above, the Plan has suffered losses, including lost-opportunity costs, for which the

5 Defendants are jointly and severally liable pursuant to ERISA § 409, 29 U.S.C.

6 § 1109.

7 Prayer for Relief

8     WHEREFORE, the Secretary respectfully requests that the Court issue and

9  Order granting relief as follows:

10     A.    Ordering the Company and Housman to restore to the Plan any losses,

11 including lost-opportunity costs, resulting from fiduciary breaches committed by

12 them or for which they are liable;

13     B.    Permanently enjoining the Company and Housman from violating the

14 provisions of Title I of ERISA;

15     C.    Removing the Company and Housman as fiduciaries of the Plan and

16 permanently enjoining Defendant Housman from serving as a fiduciary of, or

17 service provider to, any ERISA-covered employee benefit plan;

18     D.    Appointing an Independent Fiduciary to marshal the assets of the

19 Plan, distribute any proceeds which accrue to the Plan, terminate the Plan, if

20 necessary and feasible to do so, and conclude any Plan-related matters connected

21 with the proper termination of the Plan;

22     E.    Requiring the Defendants to pay for all costs associated with the

23 appointment and retention of the Independent Fiduciary;

24     F.    Requiring the Defendants to cooperate with the Independent

25 Fiduciary;

26     G.    Awarding the Secretary the costs of this action;

27     H.    Awarding post-judgment interest; and

1    I.    Ordering such further relief as is appropriate and just.

2

3    Date: September 30, 2013                          Respectfully submitted,

4

5                                                      M. PATRICIA SMITH
                                                       Solicitor of Labor

6
                                                       JANET M. HEROLD
7                                                      Regional Solicitor

8                                                      DANIELLE L. JABERG
                                                       Counsel for ERISA
9

10

11                                                     By:
                                                       ROSE DARLING (Cal. Bar # 243893)
12                                                     Trial Attorney

13                                                     Attorneys for the Secretary
                                                       United States Department of Labor
14

15

16

17

18

19

20

21

22

23

24

25

26

27

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR | TWELVE SIGNS, INC.; RICHARD W. HOUSMAN; Twelve Signs, Inc. Pension Plan |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| ROSE DARLING, Esq. UNITED STATES DEPARTMENT OF LABOR Office of the Solicitor 90 7th Street, Suite 3-700, San Francisco, California 94103 (415) 625-7744 | |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☒ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

CLASS ACTION under F.R.Cv.P. 23: ☐ Yes ☒ No     ☐ MONEY DEMANDED IN COMPLAINT: $ _____

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. §§ 1001-1191c. The Company and Housman acting in their fiduciary capacities failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration.

## VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** ☐ 463 Alien Detainee | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** ☐ 310 Airplane | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **Other:** ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☒ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

| CV-71 (02/13) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☒ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: 9/27/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 193SFF(b)) |
| 862 | 8L | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Rose Darling, Esq.
U.S. Dept. of Labor, Office of the Solicitor
90 7th Street Suite 3-700
San Francisco CA 94103

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>PLAINTIFF(S)<br>v. | CASE NUMBER<br><br>CV13-7325 DSF(AJWx) |
| TWELVE SIGNS, INC.; RICHARD W. HOUSMAN;<br>Twelve Signs, Inc. Pension Plan,<br><br>DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Rose Darling, U.S. Dept. of Labor_____, whose address is _Office of the Solicitor, 90 7th St., Suite 3-700, San Francisco CA 94103_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ OCT - 3 2013 _____     By: _____
                                         Deputy Clerk
                                       (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Rose Darling, Esq.
U.S. Dept. of Labor, Office of the Solicitor
90 7th Street Suite 3-700
San Francisco CA 94103

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br><br>PLAINTIFF(S)<br>v. | CASE NUMBER<br><br>CV13-7325DSF (AJNx) |
| TWELVE SIGNS, INC.; RICHARD W. HOUSMAN;<br>Twelve Signs, Inc. Pension Plan,<br><br>DEFENDANT(S). | SUMMONS |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Rose Darling, U.S. Dept. of Labor_, whose address is _Office of the Solicitor, 90 7th St., Suite 3-700, San Francisco CA 94103_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

OCT - 3 2013

Clerk, U.S. District Court

Dated: _____

By: _____
JULIE PRADO
Deputy Clerk
(Seal of the Court)

1154

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    SUMMONS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Dale S. Fischer_____ and the assigned Magistrate Judge is _____Andrew J. Wistrich_____ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV7325 DSF AJWx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____October 3, 2013_____                   By  J.Prado_____
        Date                                       Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---