JANET M. HEROLD
Regional Solicitor
DANIELLE L. JABERG (Cal Bar. # 256653)
Counsel for ERISA
ROSE DARLING (Cal. Bar # 243893)
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California 94103
Tel.: (415) 625-7744
Fax: (415) 625-7772
Email: darling.rose@dol.gov

Attorneys for Plaintiff,
United States Department of Labor

JS 6

UNITED STATES DISTRICT COURT FOR
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>TWELVE SIGNS, INC.; RICHARD W. HOUSMAN; Twelve Signs, Inc. Pension Plan,<br><br>Defendants. | Case No: 2:13-cv-07325-DSF-AJW<br><br>**CONSENT JUDGMENT AND ORDER** |

Plaintiff SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor ("Secretary") under the authority granted to him by §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against TWELVE SIGNS, INC. ("Twelve Signs" or the "Company"), RICHARD W.

1

HOUSMAN ("Housman"), individually, and the TWELVE SIGNS, INC. PENSION PLAN (the "Plan"), an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).[1]

    A.    The Secretary, Twelve Signs, Housman and the Plan (collectively, the "parties") admit that the Court has jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the Central District of California under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

    B.    Defendants Twelve Signs, Housman and the Plan (collectively "Defendants") waive filing of an Answer and further waive entering any affirmative defense, counterclaim, or third-party complaint, or any other defenses that they may have in this case.

    C.    The parties agree to the entry of this Consent Judgment and Order. The parties further agree that this Consent Judgment and Order shall fully settle all claims of the Secretary asserted in the Complaint filed in this matter.

    D.    This Consent Judgment and Order is intended to restore losses to eligible Plan participants and beneficiaries other than Defendant Housman ("Eligible Plan Participants").

    E.    All parties expressly waive Findings of Fact and Conclusions of Law.

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

---

[1] The Plan is named in the Secretary's Complaint as a party necessary for complete relief under Fed. R. Civ. P. 19(a).

1.     Defendants Twelve Signs and Housman are jointly and severally liable for **$363,912.23** losses plus lost-opportunity costs calculated through April 30, 2013, to the Plan ("Loss Amount"), and judgment is hereby entered against them in that amount.  Lost-opportunity costs are calculated applying an interest rate of five percent (5%) annum.

2.     Pursuant to ERISA § 409, 29 U.S.C. § 1109, Defendants Twelve Signs and Housman are jointly and severally liable and responsible for restoring the Loss Amount to the Plan in payment installments as set forth in this Paragraph, plus simple interest at five percent (5%) per annum ("Interest") on the declining balance until the Loss Amount is paid in full, as follows:

a.     By August 1, 2013, Defendant Housman shall remit $5,000.00 to the Plan through the Independent Fiduciary, as provided for in Paragraph 3 below.

b.     Thereafter, beginning on August 25, 2013, Defendant Housman shall remit $1,000.00 per month to the Independent Fiduciary (as defined herein), as provided for in Paragraph 3 below, less any applicable life insurance premiums not to exceed $400.00 per month, as provided for in Paragraph 6 below.  The first installment is due and payable on August 25, 2013, and the remaining installments shall be due and payable on or before the twenty-fifth (25th) business day of each succeeding month thereafter, until the Loss Amount plus Interest has been fully paid.

3

c. The amounts restored to the Plan pursuant to this Paragraph shall be distributed to Eligible Plan Participants annually on a pro rata basis.

d. In the event of default by Defendant Housman in the payment of any of the monthly installments identified in this Paragraph, the total remaining balance of the Loss Amount plus Interest shall then become due and payable within ten (10) business days of the default.

3. Jeanne B. Bryant of Receivership Management, Inc., 783 Old Hickory Boulevard, Suite 255, Brentwood, Tennessee 37027; Tel: (615) 370-0051; Fax: (615) 373-4336 shall be, and hereby is, appointed Independent Fiduciary ("Independent Fiduciary") of the Plan who:

a. Will be responsible for collecting, marshaling, paying out, and administering Plan assets, calculating the account balances of the Eligible Plan Participants, and taking further action with respect to the Plan as appropriate, and, if necessary, terminating the Plan when all of its assets are distributed to all of the Eligible Plan Participants;

b. Pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, as may be amended, must exercise reasonable care and diligence to identify and locate each Eligible Plan Participant to the extent the Plan has distributable assets;

c. Has all the rights, duties, discretion and responsibilities of a trustee,

fiduciary and Plan Administrator under ERISA, including filing annual and final Form 5500s;

    d.    Has the authority to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain assistance as needed including attorneys, accountants, actuaries and other service providers;

    e.    Shall have full access to all data, information and calculations in the Plan's possession and under its control, including information and records maintained by the Plan's custodial trustee or service provider;

    f.    Shall have the authority to give instructions respecting the disposition of assets of the Plan;

    g.    Shall comply with all applicable rules and laws; and

    h.    Shall be entitled to reasonable compensation, fees and expenses, paid by the Plan.  Following the entry of this Consent Judgment and Order by the Court, the Independent Fiduciary shall be required to present to the Court and the Secretary an itemized report of fees and expenses on a quarterly basis ("Fee Report"), including a copy to Defendant Housman at Twelve Signs, Inc., 520 Broadway, Suite 350, PMB 153, Santa Monica, California 90401.  The Fee Report shall include the hourly rates of pay, dates and hours of work, a description of work performed, and an itemized statement of expenses.  It will be deemed that there is no objection to the Fee Report, unless the Secretary specifically objects to

the fees and expenses charged within fifteen (15) business days.

4. Defendants shall cooperate fully with the Independent Fiduciary herein appointed by the Court in providing documents or information they may have relevant to the Plan's administration and management.

5. Defendant Housman hereby forfeits and waives any interest he may have in any amounts restored to the Plan as a result of the Secretary's Complaint and this Consent Judgment and Order, including the Loss Amount plus Interest.

6. The Independent Fiduciary shall, in the exercise of its discretion, review the transactions respecting the Plan and issue Defendant Housman an I.R.S. Form 1099-R on an annual basis for an amount equal to Defendant Housman's Plan share percentage multiplied by the total amount distributed to Eligible Plan Participants in the Plan year. Example: If Defendant Housman's Plan share percentage is 32.5% and $12,000.00 was distributed to Eligible Plan Participants in a Plan year, then the Independent Fiduciary shall issue Defendant Housman a form 1099-R for $3,900.00 at the end of that Plan year.

7. Within seven (7) business days of execution of any Form 1099-R, the Independent Fiduciary shall provide a copy of such form to the Secretary at the address set forth below in Paragraph 19.

8. Within ninety (90) calendar days of execution of this Consent Judgment and Order, Defendant Housman shall use his best efforts to obtain a life

insurance policy from an insurance company that is licensed to sell insurance in the State of California and that is rated at least "A-" by AM Best (or equivalent) and that costs no more than the amount of $400 per month.  Such policy, if obtained, shall (i) be for an amount not less than $150,000.00; (ii) identify Housman as the named insured; and (ii) contain an endorsement naming the Plan as the sole beneficiary of the policy.  In the event that payment on the policy is ever made to the Plan, to the extent that the remaining Loss Amount at that time plus Interest is less than the amount paid to the Plan under the described life insurance policy, the Plan shall, within thirty (30) calendar days after receipt of the policy proceeds, refund the difference to Defendant Housman's estate.

9. Defendant Housman shall maintain and renew the life insurance policy identified in Paragraph 8 above, if obtained, with the Plan as the beneficiary until such time as the Loss Amount plus Interest has been paid in full, after which time Defendant Housman may, in his sole discretion name a different beneficiary or beneficiaries of his own choosing or choose to let the policy lapse.  Defendant Housman shall provide the Independent Fiduciary with a copy of the life insurance policy and subsequent renewals within thirty (30) calendar days of obtaining/renewing same.  The Independent Fiduciary shall review the policy on an annual basis to ensure that it current and the Plan is the named sole beneficiary.

10. Defendant Housman shall provide the Independent Fiduciary with a

copy of the life insurance policy identified in Paragraph 8 above, if obtained, and subsequent renewals within thirty (30) calendar days of obtaining/renewing same. If Housman obtains a life insurance policy pursuant to Paragraph 8, he remains obligated for the same amount of the monthly payments called for in Paragraph 2 until the Loss Amount plus Interest has been fully paid.  If Housman is unable to obtain a term life insurance policy with a premium cost of $400 per month or less for any of the options outlined in Paragraph 8 above, then within one-hundred-twenty (120) calendar days of executing the Consent Judgment and Order, Defendant Housman shall provide documentary proof to the Secretary at the address set forth below in Paragraph 19 that he has used his best efforts and has been unable to obtain such a life insurance policy.

11.   Defendant Housman agrees that, in the event that he files for bankruptcy protection under any chapter of the United States Bankruptcy Code, within thirty (30) calendar days of filing a petition in any U.S. Bankruptcy Court, he will (i) notify the Secretary of his bankruptcy; and (ii) execute a stipulation with the Secretary and consent to the entry of an Order that the identified Loss Amount plus Interest calculated through the date on which he files for bankruptcy is a nondischargeable debt pursuant to section 523(a)(4) of the U.S. Bankruptcy Code, 11 U.S.C. § 523(a)(4) ("Stipulation").  The Stipulation and entry of a subsequent Order shall further provide that lost-opportunity costs will continue to accrue at the

rate of five percent (5%) annum from the date the relevant nondischargeability Order is issued until such time as the Loss Amount plus Interest is paid to the Plan in full.

12. Upon appointment of the Independent Fiduciary, Defendant Twelve Signs is removed as Plan Administrator to the Plan.

13. Upon appointment of the Independent Fiduciary, Defendant Housman is removed as fiduciary of and Trustee to the Plan.

14. Defendant Housman is hereby permanently enjoined and restrained from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan.

15. Defendants Twelve Signs and Housman are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

16. Within ten (10) business days of the Court's entry of this Consent Judgment and Order, Defendant Housman shall provide a copy of this Consent Judgment and Order to the Independent Fiduciary.

17. Within ten (10) business days of the Court's entry of this Consent Judgment and Order, Defendant Housman shall provide to the Independent Fiduciary copies of all checks in his possession that were issued from Plan assets,

9

as well as all other documents related to the Plan in Defendant Housman's possession.

18. If at any time the Secretary determines that Defendant Housman transferred assets for the purpose of avoiding disclosure or making full repayment to the Plan as set forth in this Consent Judgment and Order, or materially misrepresented his financial condition in his Declaration of Financial Status submitted to the Secretary on May 30, 2012 or any other financial documents submitted to the Secretary at any time in the future, the Secretary, by appropriate motion, may reopen his case against Defendants and seek payment of all or part of the remaining balance of the Loss Amount plus Interest.

19. Defendant Housman agrees that on or before April thirtieth (30th) of every calendar year following the execution of this Consent Judgment and Order, he will complete under penalty of perjury and submit to the Secretary a fully-executed Declaration of Financial Status with the required supporting documentation (a blank form copy of which declaration is attached hereto as Exhibit A). At the same time, Defendant Housman shall provide copies of the cancelled checks representing the monthly installment payments made pursuant to Paragraph 2 above for the prior calendar year, or other proof in writing that such payments were made. The submission shall be made by reliable overnight delivery AND fax or email to:

> Ty Fukumoto
> Deputy Regional Director
> United States Department of Labor
> Employee Benefits Security Administration
> 1055 E. Colorado Blvd.; Suite 200
> Pasadena, California 91106
> Fax: 626-229-1098
> Email: fukumoto.ty@dol.gov

Further, the Secretary reserves the right to request that Defendant Housman submit a Declaration of Financial Status at any other time, in addition to the required annual reporting on or before April thirtieth (30th).

20. If the documents submitted to the Secretary, as required by Paragraph 19 above, demonstrate that Defendant Housman's gross individual household income and other earnings, which shall include all property of Housman's household, including but not limited to any property or assets acquired through income, investments, dividends, royalties, sales of real, personal or intellectual property, gifts, inheritance, life insurance, lottery winnings or other gambling income, exceed $60,000.00 (sixty thousand dollars) in any twelve-month period, he will pay the Independent Fiduciary within fifteen (15) business days of receipt of a notice from the Secretary, a sum equal to twenty percent (20%) of his gross household income above $60,0000 (sixty thousand dollars), or the remaining balance of the Loss Amount plus Interest, whichever is less.

21. This Consent Judgment and Order does not in any manner affect the right of the United States Department of Labor to assess a civil penalty of twenty

percent (20%) pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l) on all payments of the Loss Amount plus Interest. Defendants waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83. Upon assessment, payment of the penalty shall be made immediately unless Defendants file a petition for waiver or reduction of the penalty as provided for in 29 C.F.R. §§ 2570.83–2570.87 and the Secretary agrees to waive or reduce the penalty. In the event that the Secretary does not agree to waive or reduce the penalty, Defendants shall remit the penalty amount to the Secretary within sixty (60) calendar days of receipt of the Secretary's decision denying Defendants' petition. Defendants may not challenge the applicable recovery amount, the validity of the violations alleged, or their liability for the violations.

22. Defendants Twelve Signs and Housman expressly waive any and all claims of any nature which they have or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

23. The Secretary and all Defendants shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available

12

under the Equal Access to Justice Act, as amended.

24. Nothing in this Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

25. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

26. By signing their names to this Consent Judgment and Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment and Order.

27. This Consent Judgment and Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court directs the entry of this Consent Judgment and Order as a final order.

IT IS SO ORDERED.

10/21/13

Dated:_____      _____
                    *Dale S. Fischer*
                    UNITED STATES DISTRICT JUDGE

//
//

13

Dated: July 31, 2013

                      M. PATRICIA SMITH
                      Solicitor of Labor

                      JANET M. HEROLD
                      Regional Solicitor

                      DANIELLE L. JABERG
                      Counsel for ERISA


                      By:  */s/ Rose Darling*_____
                      ROSE DARLING (Cal. Bar # 243893)
                      Trial Attorney

                      Attorneys for the Secretary
                      United States Department of Labor

Defendants consent to the entry of this Consent Judgment and Order.


Dated: _____     _____
                      RICHARD W. HOUSMAN, in his individual
                      capacity and as President of Twelve Signs, Inc.
                      and Trustee of Twelve Signs, Inc. Pension Plan